UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   05-553M |
| v. | ) | |
| DAMON STEVENS, | ) | DETENTION ORDER |
| Defendant. | ) | |

Offenses charged:

    Count 1:    Conspiracy in Relation to Cocaine and Methamphetamine Trafficking, in violation of Title 21, U.S.C., Sections 846 and 841(b)(1)(A);

    Count 12-22:    Money Laundering, in violation of 18, U.S.C., Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(1)(B)(ii) and 2.

Date of Detention Hearing: November 18, 2005.

    The Court, having conducted a both an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry. The defendant waived his rights to a full rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the District of Alaska to answer the charges.

DETENTION ORDER
PAGE -1-

1  The detention hearing was uncontested, and the defendant may address the issue
2  of detention in Alaska. Moreover, based upon the factual findings and statement of reasons
3  for detention hereafter set forth, finds that no condition or combination of conditions which
4  the defendant can meet will reasonably assure the appearance of the defendant as required
5  and the safety of any other person and the community. The Government was represented
6  by Todd Greenberg. The defendant was represented by Michael Shaw.

7  <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

8  (1)  There is probable cause to believe the defendant committed the ten+ year
9       drug offense. There is therefore a rebuttable presumption against the
10      defendant's release based upon both dangerousness and flight risk, under
11      Title 18 U.S.C. § 3142(e).
12 (2)  The defendant poses a risk of nonappearance as his background and ties
13      to this district and the District of Alaska are unknown/unverified.
14      Defendant also poses a flight risk as he has access to large sums of cash.
15 (3)  The defendant stipulated to detention.

16 **It is therefore ORDERED**:

17 (l)  The defendant shall be detained pending trial and committed to the
18      custody of the Attorney General for confinement in a correction facility
19      separate, to the extent practicable, from persons awaiting or serving
20      sentences or being held in custody pending appeal;
21 (2)  The defendant shall be afforded reasonable opportunity for private
22      consultation with counsel;
23 (3)  On order of a court of the United States or on request of an attorney for
24      the Government, the person in charge of the corrections facility in which
25      the defendant is confined shall deliver the defendant to a United States
26      Marshal for the purpose of an appearance in connection with a court

proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28th day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-